AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| United States of America<br>v.<br>SHANE T. BARTHALOW<br><br>*Defendant(s)* | Case No.<br>21-mj-7059 (KMW) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 11, 2021__ in the county of __Camden__ in the District of __New Jersey__, the defendant(s) violated:

| Code Section | Description of Offenses |
|---|---|
| 18 U.S.C. Section 922(k) | See Attachment A |

This criminal complaint is based on these facts:

See Attachment B

☒ Continued on the attached sheet.

_____
*Complainant's signature*

S/A Anthony DiPietro, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephone__ *(specify reliable electronic means)*.

Date: __03/05/2021__

_____
*Judge's signature*

City and state: __District of New Jersey__    Hon. Karen M. Williams, U.S. Magistrate Judge
*Printed name and title*

# CONTENTS APPROVED

## UNITED STATES ATTORNEY

By: *[signature]*

KRISTEN M. HARBERG, AUSA

Date: March 4, 2021

## ATTACHMENT A

On or about February 11, 2021, in Camden County, in the District of New Jersey and elsewhere, the defendant,

## SHANE T. BARTHALOW,

did knowingly possess a firearm, namely, one black CZ Model P-10 F, 9mm pistol, that had been shipped and transported in interstate commerce, from which the manufacturer's serial number had been removed, altered and obliterated.

In violation of Title 18, United States Code, Section 922(k).

ATTACHMENT B

I, Anthony DiPietro, am a Special Agent with the FBI. I have knowledge of the following facts based upon my own investigation, my discussions with other law enforcement personnel, and my review of evidence and documents. Because this affidavit is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not included each and every fact known to the Government concerning this matter. Where statements of others are set forth herein, these statements are related in substance and in part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.  On or about February 8, 2021, I, along with other law enforcement officers, met with a Confidential Human Source (hereafter, "CHS") who stated that he/she knew an individual by the name "Tommy," later identified as defendant SHANE T. BARTHALOW (hereafter, "BARTHALOW"), who sold cocaine, heroin, methamphetamine, and firearms in the Camden County area. The CHS said that he/she had previously bought heroin and cocaine from "Tommy." The CHS also said that "Tommy" had recently offered to sell a firearm with a suppressor to him/her. The CHS showed me text messages on his/her phone from "Tommy," in which "Tommy" had offered to sell three firearms to the CHS. "Tommy's" text messages included photographs of three different firearms, along with their respective prices. "Tommy" and the CHS negotiated a price on the firearm that was offered with the suppressor. The photograph of that firearm shows a black pistol, and although the serial number cannot be discerned, the serial number is present. The CHS and "Tommy" ultimately agreed that "Tommy" would sell the firearm, suppressor, two boxes of hollow point bullets, and a bundle of heroin, for $1,500. The CHS agreed to place a recorded call to "Tommy" in my presence, and I

1

heard "Tommy" and the CHS continue to negotiate the price of the firearm with the suppressor. Later in the day on February 8, 2021, the CHS and "Tommy" agreed via text message that "Tommy" would sell the CHS the firearm, suppressor, two boxes of hollow point bullets, and a bundle of heroin, for $1,500.

2. On or about February 11, 2021, I, along with other law enforcement agents, met with the CHS in anticipation of a controlled purchase of the above-referenced items in the parking lot of a business in Camden County. I showed the CHS a color photograph of BARTHALOW from the New Jersey Motor Vehicle Commission, which did not contain his name. The CHS positively identified the person in the photograph as the person that he/she knew as "Tommy." The CHS was equipped with a recording device and provided with $1,500 to purchase the firearm, suppressor, two boxes of hollow point bullets, and a bundle of heroin. The CHS texted BARTHALOW and BARTHALOW responded that he would be arriving in his truck in approximately 45 minutes.

3. At approximately 6:28 am, law enforcement agents surveilling the meeting location saw BARTHALOW pull into the parking lot in a truck. BARTHALOW was the only visible occupant in the truck. Law enforcement agents saw the CHS walk over to the truck. The CHS did not have any items in his/her hands. The CHS entered the passenger side of the truck. BARTHALOW exited the driver's seat, opened the door behind him, retrieved a back-pack, and then re-entered the front driver's side door. Shortly thereafter, the CHS exited the truck with a black firearm case in his/her hand. BARTHALOW drove out of the parking lot and left the area. Law enforcement agents maintained their surveillance of the CHS, who I met with after BARTHALOW's departure.

4. The CHS turned over to me a black firearm case that contained one black, CZ

Model P-10 F, 9mm pistol with the serial number scratched off, two magazines, two boxes of hollow point bullets, one bundle of heroin, and an item that appeared to be a suppressor. I also collected the recording device from the CHS.

5. On March 1, 2021, a law enforcement officer from the Pemberton Township Police Department conducted a motor vehicle stop of BARTHALOW as he was driving his truck on Trenton Road in Pemberton, New Jersey. I arrived and advised BARTHALOW of my identity and asked him if he was willing to speak with me in my vehicle. At no time was BARTHALOW detained or handcuffed, and I informed him that he was free to go at any time he desired. BARTHALOW agreed to speak with me in my vehicle. BARTHALOW consented to a search of his truck and signed a consent to search form. BARTHALOW stated that there was some ammunition and "a little bit of drugs" in his truck. A subsequent search of BARTHALOW'S vehicle revealed that it contained approximately four and one-half bundles of a substance consistent in appearance with heroin, and approximately one and one-half grams of a substance consistent in appearance with cocaine. BARTHALOW said that he supplied guns to drug dealers in New Jersey. He said that he had a valid Ohio identification, and that he traveled to Ohio to buy four or five guns at a time, lawfully, at private sales, gun shows, and gun shops. BARTHALOW said that it was his usual practice to return to New Jersey, grind off the serial numbers, and sell the firearms in one or two days. BARTHALOW said that he used the nickname "Tommy" after "Tommy Gun," because he was a gun supplier.